**Gress Estate**

*Emil Pecori,* for claimant.
*Leo Rafferty,* for executors.

McKENNA, P. J., January 14, 1975.—This case is before us on a claim for family exemption in the sum of $1,500, as allowed by section 3121 of the Probate, Estate and Fiduciaries Code of June 30, 1972 (No. 164). The section reads in part, as follows:

"The spouse of any decedent dying domiciled in the Commonwealth, and if there be no spouse, or if he has forfeited his rights, then such children as are members of the same household as the decedent, . . . may retain or claim as an exemption either real or personal property, or both, not theretofore sold by the personal representative, to the value of $1,500."

The claimant is Mrs. Joan Mooney, decedent's youngest daughter. A hearing was held on December 27, 1974. Mrs. Mooney and a friend of hers, one Margaret Kuzma, testified in support of the claim, and the executors, Stephen George Gress and Dolores Gress Kranick, opposed it. There is no serious dispute in regard to the relevant facts.

Decedent died on October 12, 1971, leaving a last will and testament dated October 22, 1964. She was 69 years of age at the time of her death. By the terms of her will, she left her estate in equal shares to her five children: Stephen, Dolores Kranick, Armand, Anna Marie D'Andrea, and Joan Mooney. An inventory filed on May 9, 1974, shows personalty of $5,094.16 and four parcels of real estate of a total value of $87,000. The premises are: 1120 Park Square, Munhall; 1510-12 Maple Street, Homestead; 1205-07 Sarah Street, Homestead; and 1212-14 Lindberg Street, Pittsburgh. On May 23, 1974, an account was filed showing a balance for distribution of $92,223. For some 47 years prior to her death, and up until February 1, 1971, decedent lived in the home at 1210 Park Square. The other properties were rented.

Some time prior to the first of the year 1971, Mrs.

Gress was stricken with cancer. She was admitted to a hospital. In January of 1971, she underwent a colostomy. She recovered from the operation and on February 1, 1971, went to the home of Mrs. Mooney, at 4619 Main Street in Munhall. Mrs. Mooney lives with her husband and five children at that address. Decedent resided there until some time in June or July of 1971, when she again required hospitalization. She was admitted to the hospital, where she remained for a few days. On being discharged, she returned to the residence of Mrs. Mooney. She continued to make her home with her daughter until a few days before her death, when her condition required further hospitalization. She died in the hospital on October 12, 1971. Mrs. Gress paid her daughter $50 every two or three weeks. She occupied the bedroom of one of Mrs. Mooney's daughters, and the daughter slept on a couch in another part of the house.

Mrs. Gress made no effort to sell or rent her home at 1120 Park Square during the last nine months of her lifetime, while she was living with the Mooneys. The utilities, except the phone, continued in service, and bills for the facilities were paid by decedent. Her mail was delivered to the Park Square address. On one occasion, a son asked his mother if he could have the porch swing from her home, but she replied: "No, I am going back there."

We find that claimant is entitled to the family exemption. She and decedent were part of the same household at the time of the latter's death. This is true, even though Mrs. Gress made no attempt to dispose of her own home. She retained ownership, probably because this gave her some feeling of independence and security. At her age and in her condition, she could scarcely entertain any real expectation of returning to her former home, where she had lived alone for so many years. We note that in June or July of 1971,

after being confined in a hospital for a short period, she returned to the home of her daughter and not to the Park Square address.

Our conclusion is supported by a number of cases on this subject. The issue before us is whether or not decedent and claimant were members of the same "household." The allowance is no longer based on the theory that decedent's death has occasioned some financial loss to claimant: Niedzielski Est., 5 Fiduc. Rep. 323 (1955). The facts in that case are similar to those in the case at bar, and the exemption was there granted to a daughter with whom decedent lived at the time of her death. The fact that decedent paid for her meals or lodging is of no significance. In the Niedzielski case, the court said page 327:

"This right is not dependent upon who is the provider, owner or lessee of the premises occupied or who is the dominant factor in the domestic establishment. In our view it is sufficient if child-claimant and decedent lived together within one dwelling as members of a domestic unit and as part of the same household."

Also, it is of no significance that decedent was in a hospital and not physically present in claimant's residence at the time of her death: Skonieczki Est., 12 Fiduc. Rep. 57 (1961).

The fact that Mrs. Gress continued to receive mail at 1210 Park Square does not persuade us that those premises constituted her household. Such evidence might be pertinent in a case involving domicile, but it does not determine the "household" in which one is residing. It is true that a person may have only one domicile, and also that he may reside in only one household. However, the tests for establishing domicile do not apply here, where the question involved pertains to the tern "household" Shuman Est., 55 Berks 90 (1962).

The executors rely on Zappardino Est., 14 Fiduc.

Rep. 212 (1964), in support of their position that the claim should be denied. The facts in that case, while bearing some similarity to those in the case at bar, are so dissimilar as to require a contrary conclusion. In that case, decedent kept gas, electricity and heat on in her own fully-furnished home. She slept at the home of her son, Joseph, the claimant, and occasionally at the home of her son, William. She was a diabetic, required a special diet, and, therefore, preferred not to eat at Joseph's home. We agree with the court's finding in that case that the evidence indicated that decedent maintained her own household until her death, and that the claim of her son, Joseph, should be denied. However, the decision is not persuasive in our case.

Accordingly, the claim of Mrs. Mooney for the family exemption will be allowed.